```
                    UNITED STATES DISTRICT COURT  FILED
                        DISTRICT OF CONNECTICUT
                                                  2012 NOV -6  P 2: 24

CHARLES C. FONCK,                :
        Plaintiff,               :                U.S. DISTRICT COURT
                                 :                BRIDGEPORT, CONN
                                 :                   PRISONER
     v.                          :      CASE NO. 3:12-cv-896(RNC)
                                 :
OFFICER RIGGOT, et al.,          :
        Defendants.              :
```

**RULING AND ORDER**

Plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against two employees of the Cheshire Correctional Institution ("CCI"), Correctional Officer Riggot and Supervising Nurse Jane Doe. The complaint alleges that Officer Riggot ignored the plaintiff's need for medical treatment and that Nurse Doe failed to follow a doctor's orders regarding the plaintiff's treatment.

Under 28 U.S.C. § 1915A, the court is required to review the complaint and dismiss any part of it that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. A complaint adequately alleges a claim for relief if it pleads "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). In applying this standard, courts must interpret pro se complaints liberally to raise the "strongest claims that they suggest." Phelan v. Thomas, 439 F. App'x 48, 50 (2d Cir. 2011).

Plaintiff's Allegations

The complaint alleges the following. On April 8, 2012, while incarcerated at CCI, the plaintiff overturned a cup of hot coffee and burned his arm. Officer Riggot, the cell block officer on duty, was notified that the plaintiff had been burned and needed medical attention. Officer Riggot commented to the plaintiff, "Baby got a little burn . . . you do not need any medical attention." The officer failed to summon medical staff, and failed to permit the plaintiff to go to the medical department. After a shift change, another officer examined the plaintiff's burn and indicated he would contact the medical department. The plaintiff was allowed to visit the medical department approximately six and a half hours after sustaining the burn. A nurse examined the plaintiff and noted that he had suffered first and second degree burns. She contacted a physician who prescribed topical burn and antibiotic solution and twice-a-day dressing changes for seven days. Three days later, on April 11, Supervising Nurse Jane Doe discontinued the dressing changes without consulting a physician. Within hours of this visit, the plaintiff's wound began to itch, ache and fester. The plaintiff returned to the medical department nine hours after he was seen by Nurse Doe. Medical staff examined the wound, cleaned and bandaged it and reinstated the physician's orders regarding the wound dressings.

Discussion

To the extent the plaintiff is suing the defendants in their official capacities, any claims for money damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (section 1983 does not override a state's Eleventh Amendment immunity). The claims for monetary damages against all defendants in their official capacities are accordingly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The plaintiff's allegations are best interpreted as attempting to state claims for deliberate indifference to a serious medical need. Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). This is true whether the indifference is "manifested by . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. While allegations of negligent medical care are insufficient to support an Eight Amendment claim, prison officials are more than merely negligent if they deliberately defy the express instructions of a prisoner's doctors. Gill v. Mooney, 824 F.2d

192, 196 (2d Cir. 1987); see also Williams v. Fisher, 02 CIV. 4558(LMM), 2003 WL 22170610 (S.D.N.Y. Sept. 18, 2003) (denying motion to dismiss inmate's Eight Amendment claim where physician's assistant cancelled a doctor's order for daily morning heat treatment of the plaintiff's back injuries).  The court concludes that the plaintiff's claims of deliberate indifference against Officer Riggot and Nursing Supervisor Jane Doe warrant service of the complaint as to both defendants.

Accordingly, it is hereby ordered:

(1)  The section 1983 claims for money damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The claims of deliberate indifference to medical needs will proceed against the defendants in their individual capacities.

(2)  Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Correctional Officer Riggot and mail a waiver of service of process request packet to him/her in his/her individual capacity.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If defendant Riggot fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required

to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) The Pro Se Prisoner Litigation Office shall send notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) Defendant Riggot shall file his/her response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendant chooses to file an answer, he/she shall admit or deny the allegations and respond to the cognizable claims recited above. Defendant Riggot may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days

of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)  The plaintiff is hereby notified that the U.S. Marshal cannot serve the complaint on Supervising Nurse Jane Doe until the plaintiff identifies this defendant by name.  **The plaintiff will have 90 days from the date of this order to conduct discovery and file a notice identifying this defendant by name.**  If the plaintiff fails to file a notice within the time specified, the claims against this defendant will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P., and the case will proceed only as to the claims against the other named defendant in the complaint.

So ordered this 4th day of November 2012.

/s/
Robert N. Chatigny
United States District Judge
